IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FARM BUREAU FEDERATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 1443 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ALABAMA FARM BUREAU FEDERATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Farm Bureau Federation has brought a five count complaint against defendant Alabama Farm Bureau Federation seeking a declaration that it properly terminated its membership agreement with defendant, and injunctive relief under Federal (the Lanham Act), Illinois and Alabama law preventing defendant from using plaintiff's registered trademarks. Defendant has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the Northern District of Alabama, Northeastern Division pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

## FACTS

Plaintiff is an Illinois non-profit corporation which maintained its headquarters in Illinois until the summer of 2003, when it moved to Washington, DC. Plaintiff still maintains offices, including the office of its corporate secretary, in Schaumburg, IL. Plaintiff is an independent, national organization dedicated to representing the social, economic and public policy interests of farm and ranch families. It has member organizations in all 50 states and Puerto Rico. The member organizations pay dues to plaintiff and in return receive the benefits of affiliation with an

organization of national scope and an exclusive license to use the Farm Bureau marks in their states to identify themselves as members of the plaintiff and to identify the services they provide to their members and the farming and ranching community.

Defendant was incorporated on June 12, 1989, after several years of effort by plaintiff to create a new member organization in Alabama. Employees of plaintiff located in the Northern District of Illinois assisted in drafting defendant's bylaws as well as the standard cooperative agreement between defendant and its county-level member organizations. Once incorporated, defendant executed plaintiff's membership agreement ("Membership Agreement") in September 1989 and returned it to plaintiff in Illinois. Plaintiff then executed the contract in Illinois and returned the fully executed copy to defendant in Alabama. The Membership Agreement was drafted by plaintiff in Illinois and provides for mutually voluntary membership affiliation, which is terminable at will by either party.

Between 1989 and 1998 plaintiff loaned defendant more than $882,000 to assist defendant in strengthening its organization. Plaintiff forgave these loans in their entirety with no payments having been made. Despite plaintiff's efforts to help it, defendant had not achieved the level of membership and scope of representation in Alabama desired by the parties. Within the last year defendant has rejected numerous proposals made by plaintiff for organizational changes. On March 11, 2005, at the Board of Directors meeting in Rosemont, Illinois, plaintiff decided to terminate the Membership Agreement with defendant and sent written notice thereof to defendant on that date.

## **DISCUSSION**

Defendant has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. The basis of both theories is that because plaintiff has moved its headquarters to Washington, DC, Illinois has little tie to the instant litigation. There is little merit to either theory.

First, with respect to personal jurisdiction, plaintiff's citizenship and residence is of little importance; it can choose to submit itself to the jurisdiction of any court.[1] What is important is defendant's contact with the state of Illinois. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Plaintiff has the burden of providing sufficient evidence to establish a prima facie case of personal jurisdiction. When determining whether the court has personal jurisdiction over a non-resident defendant in a federal question action, the court must ask: (1) does haling defendant into this court accord with the principles of the Due Process Clause of the Fifth Amendment; and (2) does the court have the power to serve defendant. Boston Chicken v. Market Bar-B-Que, Inc., 922 F. Supp. 96, 97 (N.D. Ill. 1996). Under the Fifth Amendment, due process requires only that defendant have sufficient contacts with the United States as a whole rather than any particular state. Id. Under this standard, most federal question cases, as in the instant case, proceed directly to the amenability of service inquiry. Id. at 98.

Service is governed by Fed. R. Civ. P. 4(k), which provides (for purposes of the instant case) that service is effective to establish jurisdiction over the person of any defendant: (1) that could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the

---

[1] Plaintiff is an Illinois not-for-profit corporation and, therefore, has ties to Illinois.

district court is located or; (2) when authorized by a statute of the United States. Under Rule 4(k), service of the instant complaint may be accomplished either by complying with the Illinois Long Arm Statute, or through compliance with the specific service requirements found in the relevant federal statutes. Id. In the instant case, neither the Declaratory Judgment Statute or the Lanham Act authorize nationwide service of process. Accordingly, the court must determine whether defendant can be served under the Illinois Long Arm Statute. Because the Illinois Long Arm Statute extends to the "limit allowed by the Constitution of the United States" and the Illinois Constitution, the inquiry becomes whether defendant's minimum contacts with this forum comport with Fourteenth Amendment due process. Jammark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir. 1997); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). The Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction. RAR, 107 F.3d at 1276. In the absence of substantial case law, this court may rely on the interpretations of the federal due process clause to determine whether or not a non-resident defendant is subject to personal jurisdiction. Morse v. Williams, 791 F. Supp. 739, 743 (N.D. Ill. 1992).

The exercise of personal jurisdiction over defendant is consistent with federal due process if: (1) defendant has established minimum contacts with Illinois, Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985); and (2) subjecting defendant to appear in Illinois would not offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. To establish minimum contacts a defendant must engage in some purposeful action directed toward the forum state more than simply placing a product into the stream of commerce. Asahi Metal Industries, Co., Ltd. v. Superior Court California, 480 U.S. 102, 111 (1987). To determine

whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice, the court examines the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in further fundamental substantive policies. Burger King, 471 U.S. at 476.

Defendant argues that any contact it had with Illinois is limited and fortuitous. That is simply wrong. The only thing fortuitous about defendant's contact with Illinois is that it choose to enter a contract with an Illinois corporation in Illinois. At the time it entered that contract, plaintiff's principal place of business was in Illinois, and it remained there for the first 13 plus years of the Membership Agreement. During that period defendant borrowed $882,000 from plaintiff. In addition, defendant's presidents attended plaintiff's annual meetings in Illinois from 1990 through 2001. Thus, there is nothing random or fortuitous about defendant's contacts with Illinois. See Burger King, 471 U.S. at 478-79. Defendant has had substantial contact with Illinois arising out of its contract with an Illinois resident. That contract is the subject of the instant dispute. Thus, the court concludes that defendant has engaged in purposeful action directed toward Illinois.

Nor is it unreasonable to require defendant to litigate in Illinois. Over the 16 years that defendant was a member of plaintiff, it repeatedly entered Illinois in furtherance of its business. The fact that plaintiff's principal place of business is no longer in Illinois does not negate the fact that most of the contact between plaintiff and defendant occurred in Illinois. Indeed, it is likely that there is a stronger case for personal jurisdiction over defendant in Illinois than in

5

Washington, DC. Moreover, the parties appear to agree that Illinois law governs the Membership Agreement and, therefore, Illinois has an interest in providing a forum in which to litigate the terms of that agreement. Accordingly, the court concludes that it is not unreasonable to require defendant to litigate in Illinois and that the court has personal jurisdiction over defendant.

Finally, defendant argues that even if jurisdiction is proper the court should transfer the case to the Northern District of Alabama under 28 U.S.C. § 1404(a), which provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." Transfer is appropriate under § 1404(a) when the moving party demonstrates that: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). As the moving party, defendant must show that the "transferee forum is clearly more convenient" than the transferor. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989). Additionally, defendant must show that a transfer will promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other.

Defendant's primary argument for transfer is that its witnesses, most of whom are farmers in Alabama, cannot afford to leave their farms to testify in Illinois. It argues that because plaintiff is now located in Washington, DC, its witnesses will have to travel regardless of whether the action is litigated in Illinois or Alabama.

6

Illinois is plaintiff's choice of forum and, despite defendant's argument to the contrary, that choice is entitled to great weight. Collier v. Murphy, 2002 WL 31761406 (N.D. Ill. 2002). Although its principal office is now located in Washington, DC, plaintiff still maintains an office in Illinois and thus resides in Illinois. Therefore, for purposes of venue Illinois is a home forum. See 28 U.S.C. § 1391(c). Moreover, as noted above, Illinois has a substantial connection to the litigation, the Membership Agreement was negotiated in Illinois, drafted in Illinois and is to be construed under Illinois law. This court is obviously more familiar with Illinois law than is the Northern District of Alabama.

Additionally, as plaintiff points out, it is unclear what defendant's witnesses have to offer to the litigation. The issue is whether plaintiff properly terminated the Membership Agreement. Defendant's witnesses are anticipated to testify about defendant's attempts to develop and recruit new members. Plaintiff is the master of its complaint, however, and has alleged that the Membership Agreement is terminable at will. Because the complaint does not allege that the Membership Agreement was terminated for cause (specifically for failure to develop membership), such testimony is likely of little relevance. The conduct giving rise to the cause of action is the termination of the contract by plaintiff's Board of Directors. That action took place in Illinois. Thus, the court concludes that plaintiff's choice of forum is to be given controlling weight. Accordingly, defendant's motion to transfer to the Northern District of Alabama is denied.

## CONCLUSION

For the reasons set forth above defendant's motion to dismiss or in the alternative to transfer venue is denied. This matter is set for a report on status on July 19, 2005, at 9:00 a.m.

**ENTER:** **July 12, 2005**

Robert W. Gettleman
United States District Judge